

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2007

# Wells v. King

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wells v. King" (2007). *2007 Decisions.* Paper 1237.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-85                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2860
_____

RODNEY WELLS,

Appellant

v.

ROGER KING, ASSISTANT DISTRICT ATTORNEY, DISTRICT
ATTORNEY OFFICE PHILA. COUNTY; PHILA POLICE DEPARTMENT;
LAWRENCE GERRARD, BADGE #9189; LYNNE ABRAHAM DISTRICT
ATTORNEY; SYLVESTER JOHNSON, POLICE COMMISSIONER

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-01710)
District Judge:  Honorable Anita B. Brody

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
December 29, 2006

Before:   MCKEE, FUENTES AND ROTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: April 20, 2007)

_____

OPINION
_____

PER CURIAM

Rodney Wells appeals the District Court's order dismissing his civil rights complaint as frivolous. For the following reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).

In 1986 Rodney Wells was prosecuted on charges of murder, corrupt organizations, conspiracy, aggravated assault, and possession of an instrument of a crime. Wells was convicted and is serving a life sentence. In February 2004 Wells filed the present action pursuant to 42 U.S.C. §§ 1985(2)-(3), § 1986, and numerous amendments to the federal constitution against the Assistant District Attorney who prosecuted him, the District Attorney, the Philadelphia Police Department, the Police Commissioner, and an individual police detective. Although Wells' allegations are less than precise, review of the complaint along with the attached exhibits makes clear that Wells is challenging the events leading up to (and including) his conviction. Among his allegations, Wells claims that the Assistant District Attorney's "disdain . . . for young black men caused him to Discriminate against plaintiff and falsely arrest and charge him [with] a Bogus Charge," and that "the defendants Falsely Arrested, Falsely Imprisoned plaintiff and Maliciously Abused the process of the Judicial System." Complaint at 4, 9. In the attached exhibits, Wells contends that he did not receive a fair trial, and that the Assistant District Attorney "maliciously had me arrested, charge[d], [and] found guilty by a jury." Complaint at Exhibit B. In its May 17, 2006, order, the District Court concluded that Wells' claims were barred by prosecutorial immunity or not yet cognizable under Heck v. Humphrey,

2

512 U.S. 477 (1994), and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Wells now appeals.[1]

Because civil tort actions are not the proper vehicle to challenge a criminal

conviction, a prisoner cannot bring a constitutional tort suit which would challenge the

validity of his conviction or sentence unless that conviction or sentence has first been

invalidated.  See Heck, 512 U.S. at 486-87.  However, Heck only bars claims which

"seek[] to recover damages for an unconstitutional conviction, imprisonment, or other

harm caused by actions whose unlawfulness would render the conviction or sentence

unlawful."  Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998), cert. denied, 528

U.S. 1079.

Though Wells cites a laundry list of constitutional rights, the majority of Wells'

claims clearly pertain to – and challenge – his conviction, and accordingly, may not be

raised at this point.  Significantly, Wells' complaint also includes accusations that he was

falsely/unlawfully arrested, and that he was falsely imprisoned.  Because the success of

such claims may not necessarily invalidate a conviction, the claims are not necessarily

subject to the Heck bar.  Compare Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d

Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims

contemplated by the Court in Heck which necessarily implicate the validity of a

---

[1]We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

3

conviction or sentence."), with Gibson v. Superintendent, 411 F.3d 427, 451-52 (3d Cir. 2005) (finding Heck rule applies because only evidence supporting conviction was found pursuant to constitutional violation that was subject of plaintiff's § 1983 claim). However, review of the complaint reveals that the actual claim underlying these bare assertions is the challenge to his conviction: that every aspect of Wells' prosecution and conviction – including his arrest and imprisonment – were unlawful precisely because the Assistant District Attorney was biased against him, and maliciously prosecuted him.[2]

Even if any of Wells' claims survive the Heck bar, they are meritless. The basis for Wells' allegations is that the corrupt organization charge was not "recommended by Philadelphia County Investigating Grand Jury," and that the defendants "forged" it. Complaint at 1, 7. To the extent that the claim is directed against the Assistant District Attorney, prosecutorial immunity applies. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (prosecutor absolutely immune for initiating a prosecution and for presenting the State's case) see also Burns v. Reed, 500 U.S. 478, 490 n.6 (noting that "there is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries"). To the extent that the claim alleges that the police detective who filled out the warrant charging Wells

---

[2]Ideally, the District Court would have made an explicit determination with regard to each claim whether it – if successful – would imply the invalidity of the conviction or sentence. See Gibson v. Superintendent, 411 F.3d 427, 447-49 (3d Cir. 2005). However, as the imprecise and sweeping nature of Wells' claims would have made such an inquiry difficult, we cannot fault the District Court for not doing so.

4

lied, such a claim is best understood as a challenge to the detective's determination that probable cause existed for the charge. Wells has the burden of showing that the detective "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions . . . that create a falsehood in applying for an arrest warrant." See Merkle v. Upper Dublin School District, 211 F.3d 782, 789 (3d Cir. 2000). Wells' complaint falls well short, providing only bare conclusory allegations regarding the "forged" warrant charge. The District Court need not accept such clearly baseless facts or fanciful allegations. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

We agree with the District Court's conclusion that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Milhouse v. Carlson, 652 F.2d 371, 374 (3d Cir. 1981) (citation omitted). Accordingly, the appeal is without legal merit and we will dismiss it pursuant to § 1915(e)(2)(B).