

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# Wells v. DA Philadelphia Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wells v. DA Philadelphia Cty" (2008). *2008 Decisions.* Paper 1527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-128                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4310
_____

RODNEY WELLS,

Appellant

v.

DISTRICT ATTORNEY'S OFFICE OF PHILA. COUNTY;
RODNEY E. KING, ASST. DISTRICT ATTY. OF PHILADELPHIA COUNTY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-00743)
District Judge:  Honorable Anita B. Brody

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 25, 2008)
_____

OPINION
_____

PER CURIAM

    Rodney Wells, representing himself, filed a lawsuit against the District Attorney's

Office of Philadelphia County, the District Attorney ("DA"), and an Assistant District

Attorney ("ADA"). In his complaint, he described earlier lawsuits that he had filed in the District Court against the DA and ADA. He listed the documents (related to his 1985 state conviction) that he sought in those cases. Wells also cited cases to argue that he was not seeking relief that was barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).

Based on the facts and law he set forth, he summarized that Defendants had deprived him of exculpatory evidence, due process, equal protection of the laws, and meaningful access to the courts. Wells cited 42 U.S.C. § 1983, and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. For relief, he asked for the documents he had listed, "or in the alternative for [the District Court] to conduct an independent review of any and all documents and make a determination what the plaintiff is entitled." He also made a broader request for "such other relief as it may appear plaintiff is entitled."

The District Court dismissed Wells's complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for lack of "case or controversy," noting that Wells had not cited any violation of law that would entitle him to relief. The District Court also summarized the decisions in his earlier cases. Wells appeals.

We will summarily affirm the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. Wells purported to proceed under 42 U.S.C. § 1983, but he largely did not allege how Defendants had violated his rights under

2

the United States Constitution or other federal law. To the extent that he specified a violation – the alleged deprivation of exculpatory evidence – he faces a Catch 22. To succeed on such a claim under § 1983, he would have to show that Defendants deprived him of material, exculpatory evidence. See Brady v. Maryland, 373 U.S. 83 (1963). However, if he made such a showing, it would imply the invalidity of his conviction and bar him from relief. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Accordingly, the District Court properly dismissed Wells's complaint for failure to state a claim.

Of course, unless amendment would be futile, a district court must give a plaintiff the opportunity to amend a complaint that fails to state a claim. See Shane v. Fauver, 213 F.3d 113, 115-17 (3d Cir. 2000). The District Court did not explicitly consider whether amendment would be futile in this case. However, given that the complaint was Wells's third attempt to obtain relief from the DA and ADA, and an amendment to cure his pleading is not apparent, we conclude that the District Court did not abuse its discretion in failing to give Wells an opportunity to amend his complaint.[1]

For these reasons, we will affirm the District Court's judgment.

---

[1] As Wells acknowledges, he is aware that state post-conviction remedies and federal habeas proceedings provide potential avenues to challenge his conviction.

3