**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3299
_____

RODNEY WELLS,
                                        Appellant

v.

OFFICE OF THE DISTRICT ATTORNEY FOR
THE PHILADELPHIA COUNTY, PA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Misc. No. 11-mc-00061)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2012
Before:  RENDELL, FUENTES AND WEIS, Circuit Judges

(Opinion filed: May 29, 2012)
_____

OPINION
_____

PER CURIAM.

    Rodney Wells appeals pro se from the District Court's order dismissing his

complaint.  We will affirm.

    Wells is a Pennsylvania state prisoner.  He was convicted in 1985 of murder and

other crimes, including violation of the Pennsylvania Corrupt Organizations Act ("PCOA"), 18 Pa. Cons. Stat. § 911. The trial court sentenced him to life imprisonment on the murder conviction and consecutive terms of imprisonment on some of his others, but it suspended his sentence for the PCOA conviction. Wells has challenged these convictions in numerous state and federal proceedings over the years to no avail.

One of the ways he has done so has been by filing federal civil actions under 42 U.S.C. § 1983, including the one at issue here. Wells has asserted that personnel in the Philadelphia District Attorney's Office committed various kinds of misconduct, including misconduct in connection with the Grand Jury, and that such misconduct requires production of sealed Grand Jury records that Wells alleges he could use to attack his convictions. Wells filed one such suit in 2004 (E.D. Pa. Civ. No. 04-cv-0605), but the District Court dismissed it and Wells did not appeal. He filed another such suit in 2006 (E.D. Pa. Civ. No. 06-cv-01710). The District Court dismissed that suit as well, and we dismissed Wells' appeal under 28 U.S.C. § 1915(e)(2)(B). See Wells v. King, 232 F. App'x 148 (3d Cir. 2007). We explained that Wells' claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), to the extent that they challenge the validity of his undisturbed criminal convictions. See Wells, 232 F. App'x at 149. We also explained that his claims are barred by prosecutorial immunity and otherwise lack merit. See id. at 149-50. We have since affirmed the dismissal of another similar complaint as well. See Wells v. Dist. Attorney's Office of Phila. Cnty., 266 F. App'x 187, 188 (3d Cir. 2008).

In addition to filing these suits, Wells has filed numerous federal habeas petitions.

2

The District Court denied his first habeas petition in 2003. We granted a certificate of appealability on whether Wells had shown his actual innocence of the PCOA charge in light of the Pennsylvania Supreme Court's subsequent interpretation of the PCOA. See Wells v. Varner, 392 F. App'x 914, 916 & n.4 (3d Cir. 2010). We ultimately decided that we could not answer that question, however, because Wells' suspended sentence on the PCOA conviction means that he is not and never will be "in custody" pursuant to that conviction for habeas purposes. See id. at 917-19. We affirmed the District Court's denial of habeas relief for that reason. See id. at 919.

Wells later filed the suit at issue here. He again styled his complaint as one under § 1983 and again sought documents relating to alleged misconduct in connection with the Grand Jury as to his PCOA charge. He also asserted that this Court's ruling as to his PCOA conviction in his habeas appeal means that Heck no longer applies to that charge. The District Court docketed the complaint as a miscellaneous action, directed the defendant to respond, then dismissed it under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) by order entered August 12, 2011. Wells appeals.

We have jurisdiction under 28 U.S.C. § 1291 and will affirm. The District Court dismissed Wells' complaint for the same reasons it gave in dismissing his numerous other similar complaints. The District Court did not address Wells' assertion that our ruling in his habeas appeal has changed the landscape, but it has not. Our ruling was merely that Wells will never be "in custody" on his PCOA conviction for federal habeas purposes. We have not yet squarely decided whether Heck applies to convictions for which a

3

remedy in habeas is unavailable in this situation.  See Gilles v. Davis, 427 F.3d 197, 209-10 (3d Cir. 2005); Torres v. Fauver, 292 F.3d 141, 145 & n.5 (3d Cir. 2002).  We need not do so in this case, however, because Heck was not the only reason that we affirmed the District Court's dismissal of Wells' previous suits.  Instead, we explained that Wells' claims are barred by prosecutorial immunity and otherwise lack merit.  See Wells, 232 F. App'x at 149-50.  Nothing about our ruling in Wells' habeas appeal calls those conclusions into question.

In addition to dismissing Wells' complaint, the District Court denied motions that he filed for appointment of counsel, a default judgment, a hearing, and other miscellaneous relief.  Wells has raised no claim of error regarding those rulings and we perceive none.

For these reasons, we will affirm the judgment of the District Court.  Appellees' motions for leave to file their brief out of time and for leave to file a supplemental appendix are granted, and Wells' motions for a "default judgment" and to hold appellees in contempt are denied.