652 F.2d 371
 MILHOUSE, Lester D., a/k/a Milhouse-Bey, Lester D., Appellant,
v.
CARLSON, Norman B., Director BOP, Washington, D.C., Fenton,
Charles E., Warden, USP, Lwsbg., Hudson, L.E., Correc.
Supervisor, Lwsbg., U.D.C. Committee Members, U.N.I.C.O.R.
Lewisburg Penitentiary; I.D.C. Committee Members, Lewis.
Penit. Jacobson, V. J., Unit Manager, U.N.I.C.O. Lewisburg
Penitentiary; Divers, Correctional Specialist, Correctional
Staff Member, Lewisburg Penitentiary; Cain, Urban, Catholic
Chaplain, Lwsbg. Knight, Louise, Attorney at Law, Office of
Clements & Knight, Appellees.
 No. 80-1763.
 United States Court of Appeals,
Third Circuit.
 Argued March 27, 1981.
Decided June 30, 1981.
 
 Joseph Colin Crawford (argued), James D. Crawford, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.
 Harry A. Nagle, Asst. U.S. Atty. (argued), Carlon M. O'Malley, Jr., U.S. Atty., Lewisburg, Pa., for appellees.
 Before HUNTER, SLOVITER and WISDOM,* Circuit Judges.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 This action commenced on October 2, 1979 when appellant, Lester D. Milhouse, filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania alleging that certain officials and employees of the United States Bureau of Prisons had conspired to "deprive plaintiff of his rights and get him out of the capacity of ledership (sic) that he held among the Moslems at Lewisburg Penitentiary."[1] The defendants moved for dismissal of the complaint, or in the alternative, for entry of summary judgment in their favor. The case was referred to a magistrate who recommended that defendant Fenton be awarded summary judgment against appellant, and that the complaint be dismissed against all other defendants for failure to state a claim upon which relief could be granted. The district court adopted the recommendations of the magistrate, but granted Milhouse fifteen days to amend his complaint to allege a cognizable claim against certain defendants. When appellant failed to file an amended complaint, the district court dismissed the action. Because we hold Milhouse's pro se complaint to less stringent standards than formal pleadings drafted by lawyers, we find that it establishes a claim that, if proven at trial, would entitle him to relief. Therefore, we will reverse and remand for proceedings consistent with this opinion.
 
 I.
 
 2
 We read Milhouse's pro se complaint to reveal the following factual allegations:[2] As a result of a disagreement on January 5, 1979 with defendant Cain, the Catholic Chaplain, over the celebration of a Moorish Moslem holiday, appellant filed an action on January 10, 1979 in federal district court charging various officials at the Lewisburg Penitentiary with violations of his religious rights. Shortly thereafter, on or about January 16, 1979, Cain, Associate Warden Johnson (not a party to this litigation), and others unknown to Milhouse, entered into a conspiracy to deprive appellant of his rights and oust him from his leadership position among Moorish Moslems at the penitentiary.
 
 
 3
 On January 23, 1979, defendant Jacobson, the unit manager, ordered the appellant transferred to a different and less desirable cell house. Milhouse continued to be harassed and intimidated by prison officials after his transfer. On April 4, 1979, appellant was informed that he was under investigation for his participation in a plot to assault a correctional officer. On April 6, 1979, Milhouse was given a copy of a report prepared by defendant Hudson, which formally charged him with planning the assault on defendant Divers.
 
 
 4
 Milhouse appeared at a hearing before two members of the U.D.C. on April 12, 1979. Prison officials informed him that the charges against him were based upon the report of a confidential informant. The U.D.C. found Milhouse guilty of the offense and recommended disciplinary segregation, forfeiture of good time credits, and a disciplinary transfer.
 
 
 5
 On April 23, 1979, Milhouse appeared before the I.D.C. He requested an opportunity to confront the informant; this was denied. He also asked to call defendant Divers as a witness. This request too was denied. Milhouse was then excluded from the hearing room, and was found guilty as charged. The I.D.C. adopted the sanctions recommended by the U.D.C. During this period of investigation Milhouse was held in administrative detention. He remained in detention until his transfer to the federal penitentiary at Marion, Illinois, on August 28, 1979.
 
 
 6
 Milhouse did not aver specifically that each of the actions described above was taken in furtherance of the alleged conspiracy. Nonetheless, reading the complaint as a whole, the magistrate observed: "Plaintiff, in effect alleges that the above actions were taken against him as harassment because of his religious leadership functions and because of his prior actions in seeking access to the courts to remedy religious grievances." Appendix for Appellant at 121a. The magistrate acknowledged that appellant's allegations would state a claim upon which relief could be granted if the claim were properly pleaded. He analyzed separately the allegations made against each defendant, concluding that they were too vague and conclusory to establish a sufficient claim. The magistrate recommended that the complaint be dismissed with respect to all defendants except Fenton, in whose favor he recommended the entry of summary judgment.[3] The district court adopted the magistrate's recommendations, and entered judgment following Milhouse's failure to amend his complaint with respect to defendants Hudson, Jacobson, Divers and Cain. This appeal followed.
 
 II.
 
 7
 Our review of the sufficiency of appellant's pro se complaint, "however inartfully pleaded," is less stringent than that of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 520-21, 92 S.Ct. at 595-96, quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). See also Hughes v. Rowe, --- U.S. ----, ----, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Applying this standard of liberal construction to Milhouse's pro se complaint, it becomes apparent that the district court erred by dismissing it for failure to state a claim upon which relief can be granted.[4]
 
 
 8
 We read appellant's complaint as alleging that he was subjected to a conspiratorially planned series of disciplinary actions as retaliation for initiating a civil rights suit against prison officials. Such allegations, if proven at trial, would establish an infringement of Milhouse's first amendment right of access to the courts. "(P)ersons in prison, like other individuals, have the right to petition the Government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.' " Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), quoting Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). See also Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). The right of access to the courts must be "adequate, effective and meaningful," Id. at 822, 97 S.Ct. at 1495, and must be freely exercisable without hinderance or fear of retaliation. See Ferranti v. Moran, 618 F.2d 888, 891-92 (1st Cir. 1980); Garland v. Polley, 594 F.2d 1220, 1222-23 (8th Cir. 1979); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979).
 
 
 9
 If appellant were able to prove an infringement of his first amendment right of access to the courts, he would successfully state a cause of action for damages arising under the constitution. In Paton v. La Prade, 524 F.2d 862, 869-70 (3d Cir. 1975), this court, relying on the Supreme Court's seminal decision in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971),[5] held that a federal cause of action for damages may be implied directly from the first amendment. We concluded that the factors militating in favor of the recovery of damages for fourth amendment violations also apply to actions grounded in the first amendment. Other circuits that have considered the question are in accord. See Dellums v. Powell, 566 F.2d 167, 194-95 (D.C.Cir.1977), cert. denied, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); Yiamouyiannis v. Chemical Abstracts Service, 521 F.2d 1392, 1393 (6th Cir. 1975).
 
 
 10
 Accordingly, we believe that the district court erred in adopting the magistrate's recommendation that appellant's complaint be dismissed with respect to all defendants but Fenton. The court below should not have considered each allegation of Milhouse's complaint independently of the others. As the Fourth Circuit stated in Russell v. Oliver, 552 F.2d 115, 116 (4th Cir. 1977), a liberal construction of a pro se complaint "requires that the judge view all of (the) allegations not as isolated incidents, but rather as a unit." Analyzed in this manner, it is clear that appellant's complaint alleges that various prison officials engaged in a series of actions designed to punish him for seeking access to the courts.[6]
 
 III.
 
 11
 We will therefore reverse the judgment of the district court dismissing appellant's complaint for failure to state a claim upon which relief can be granted with respect to all defendants except Fenton.[7] Because we are remanding to the district court with instructions to reinstate appellant's complaint with leave to amend, we will also reverse the entry of summary judgment in favor of Fenton in order to provide appellant with an opportunity to amend his complaint to show that defendant's involvement in the events alleged in the complaint.[8]
 
 
 12
 The judgment of the district court will be reversed, and the case remanded to the district court for proceedings consistent with this opinion.
 
 
 
 *
 Honorable John M. Wisdom, United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The named defendants include:
 Norman B. Carlson, Director of the United States Bureau of Prisons; Charles B. Fenton, the Warden of Lewisburg Penitentiary; L.E. Hudson, a correctional supervisor at Lewisburg; V.J. Jacobson, a unit manager at Lewisburg; Robert Divers, a correctional officer at Lewisburg; Urban Cain, Catholic Chaplain at Lewisburg; and unidentified members of the Unit Discipline Committee ("U.D.C.") and Institution Discipline Committee ("I.D.C.") at Lewisburg who presided over disciplinary proceedings involving Milhouse. Attorney Louise Knight, also named as a defendant, has been dismissed from this litigation.
 
 
 [2]
 Because this is an appeal from the grant of appellees' motion to dismiss, we are constrained to treat the facts pleaded in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 2492 n.2, 53 L.Ed.2d 557 (1977); Micklus v. Carlson, 632 F.2d 227, 230 (3d Cir. 1980)
 
 
 [3]
 The magistrate recommended summary judgment in favor of Fenton because of appellant's failure to controvert Fenton's affidavit which denied any connection to, or knowledge of, the events alleged in the complaint
 
 
 [4]
 We apply the Haines standard of construction to Milhouse's pro se complaint because we believe it contains sufficiently specific allegations of unconstitutional conduct to withstand dismissal under this court's holding in Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967) (dismissing prisoner's civil rights complaint as "broad and conclusory" because of its "failure to state facts in support of its conclusions."). See Ross v. Meagan, 638 F.2d 646, 650 (3d Cir. 1981) (per curiam); Rotolo v. Borough of Charleroi, 532 F.2d 920, 922 (3d Cir. 1976); Gray v. Creamer, 465 F.2d 179, 182 n.2 (3d Cir. 1972)
 
 
 [5]
 Bivens held that the fourth amendment guarantee against unreasonable searches and seizures gave right to a private cause of action for damages arising under the Constitution. Subsequently, the Court decided that a cause of action for damages could be implied directly under the due process clause of the fifth amendment, Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and under the eighth amendment's proscription against the infliction of cruel and unusual punishment, Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). The Court has never decided the question of whether a private cause of action for damages arises out of the first amendment
 
 
 [6]
 Because we find that appellant's complaint states a cause of action for damages arising under the first amendment, we do not reach the question of whether it also states a cause of action under 42 U.S.C. § 1985(3) (1976), or under the due process clause of the fifth amendment
 
 
 [7]
 Although we are reversing the district court's dismissal with respect to all defendants, we do not pass on the question of whether certain defendants may be immune from suit
 
 
 [8]
 Cf. Whitner v. Davis, 410 F.2d 24, 31 (9th Cir. 1969) (Pro se plaintiff, "(l)acking assistance of counsel and obviously lacking knowledge of the procedure available," given opportunity to amend her complaint following reversal of district court's grant of defendants' motion for summary judgment.)