**Billie Austin BRYANT, Plaintiff,**

v.

**G.H. MILLER, Warden, et al. Defendants.**

**Civ. No. 84–1207.**

United States District Court, M.D. Pennsylvania.

October 24, 1984.

Billie Austin Bryant, pro se.

Carlon M. O'Malley, Jr., U.S. Atty's Office, Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

We have received the Report of Magistrate Raymond J. Durkin dated October 4, 1984. While Plaintiff Bryant styles his complaint as a *habeas corpus* action, Magistrate Durkin has correctly concluded that it would be more properly brought under 28 U.S.C. § 1331. Since Plaintiff's complaint does not allege that he is in custody in violation of the Constitution, laws or treaties of the United States, *habeas corpus* relief pursuant to 28 U.S.C. § 2254 would not be proper here. In his exceptions to the Magistrate's Report filed on October 18, 1984,[1] Plaintiff makes much of the fact that *habeas corpus* consideration of this matter is appropriate. A practical disadvantage to the Plaintiff of characterizing this action as *habeas corpus* would be the requirement that he pursue the administrative remedies he has thus far ignored.[2] In any event, we assume jurisdiction of this matter and will entertain all of Plaintiff's claims as though properly brought.

This complaint flows from a work-stoppage at U.S.P. Lewisburg in May of 1984. Plaintiff was charged with fomenting the disturbance and received an incident report which states in pertinent part:

> ... information gathered indicates that you were an active supporter, enforcer, and leader in encouraging other inmates to follow your action of refusing to work.... Your actions have contributed to a disruption of work at this institution.

Consequently, the Institution Disciplinary Committee (IDC) decided that Plaintiff's actions warranted 30 days in disciplinary segregation and a disciplinary transfer to U.S.P. Leavenworth. Plaintiff seeks prison wages lost as a result of his allegedly improper removal to disciplinary confinement; injunctive relief in the form of expungement of the record of the disciplinary proceeding and re-characterization of his transfer to Leavenworth as "administrative"; money damages from the various named Defendants for their alleged violation of his due process rights in the conduct of his disciplinary hearing; and attorney's fees.

1. We overlook the fact that these exceptions were untimely due to Plaintiff's *pro se* status.

2. Magistrate Durkin has recommended that this case be dismissed for failure to exhaust administrative remedies. Our consideration of the merits of this case is in no way indicative of a belief that the Magistrate's recommendation of procedural dismissal is incorrect.

■ We shall address first Plaintiff's claim that his due process rights were trampled during his hearing in front of the IDC. It is true that prisoners have the right to judicial review of disciplinary proceedings. *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). See also *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir.1981). However, judicial reluctance to review the merits of a disciplinary proceeding is not surprising in light of the traditional and, in our opinion, well-placed deference afforded prison officials in such matters. Whatever due process rights existed for Plaintiff in this situation are outlined in *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Under the terms of *Hewitt*, supra, Pennsylvania has created a protectible liberty interest in general population prisoners who officials seek to discipline via imposition of disciplinary segregation. There are, as a result, due process implications in this case. However, the United States Supreme Court in *Hewitt* specifically rejected the argument that due process requires that the full panoply of safeguards (e.g. confrontation of witnesses, right to counsel, evidentiary formalities, right to transcript of proceedings etc.) available to those not incarcerated are also available to prison inmates at a disciplinary hearing. The Supreme Court reasoned that the level of due process required in this situation is less stringent since prison inmates have already had their liberty properly curtailed and are not, therefore, suffering a grievous loss by merely being transferred to a slightly more restrictive mode of confinement. *Hewitt*, 103 S.Ct. at 867. The *Hewitt* Court also reaffirmed the time-honored principle that prison officials are to be given wide discretion as to how to classify the individuals under their control. To wit:

> In assessing the seriousness of a threat to institutional security prison administrators necessarily draw on more than the specific facts surrounding an incident; instead, they must consider the character of the inmates confined in the institution, recent and longstanding relations between prisoners and guards, prisoners *inter se* and the like.... The judgment of prison officials in this context, like that of those making parole decisions, turns largely on 'purely subjective evaluations and on predictions of future behavior.' *Hewitt* [103 S.Ct.] at 867 citing *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981).

Thus, Plaintiff's claim [3] that only the behavior which he exhibited on May 17, 1984 should have been considered in determining whether to discipline him is spurious.

■ Another salient point in *Hewitt* is the statement that an inmate who prison officials commit to disciplinary segregation "must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation" [4]. Since the record substantiates the fact that Plaintiff Bryant received all the due process required by *Hewitt*, his claim for compensatory damages must fail. We note that if the IDC had deprived Plaintiff of any "good time" the stricter due process standards outlined in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), would apply.

As regards Plaintiff's desire to have his disciplinary transfer re-characterized as an administrative transfer, any such relief would be contingent upon Plaintiff convincing us that his disciplinary hearing was somehow invalid. This is also a prerequisite to any order by this Court that the record of Plaintiff's IDC hearing be expunged. *Paine v. Baker*, 595 F.2d 197, 202, *cert. denied* 444 U.S. 925, 100 S.Ct. 263, 62 L.Ed.2d 181 (1979). Since Plaintiff has failed to convince this Court that his IDC hearing did not meet due process criteria, his requests for re-characterization of his transfer and expungement of the record of his IDC hearing are denied.

**3.** Page 4(b) of Plaintiff's complaint.

**4.** *Hewitt*, supra, 103 S.Ct. at 868.

Plaintiff also seeks lost wages at the rate of $1.25 per hour and punitive damages at the rate of $2.50 per hour for the time he spent in disciplinary segregation. Even if we assume that his segregation was inappropriate, federal prisoners have no Constitutional right to be paid for their labor. *Sigler v. Lowrie*, 404 F.2d 659, *cert. denied* 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969). Thus, any recovery by Plaintiff in this area would be predicated upon the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* This statute, however, is silent as to whether prison labor falls under its purview. This Court can find no decisional law to support the proposition that a prison laborer may recover wages lost due to the inappropriate imposition of disciplinary segregation. Therefore, assuming *arguendo* that Plaintiff was wrongly segregated, there is no precedent which this Court could use to justify granting him this type of relief. Moreover, we would be loathe to establish such a precedent. Here, again, we cannot rule in Plaintiff's favor.

A final claim to be addressed is for attorney's fees in the amount of $3,500. This claim is spurious for the reason that Plaintiff Bryant has functioned *pro se.*

In accordance with the rationale above, we issue the following.

### ORDER

AND NOW, this 24th day of October, 1984, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to have the disciplinary record mentioned herein expunged is denied.

2. Plaintiff's request to have his disciplinary transfer recast as an administrative transfer is denied.

3. Plaintiff's request for attorney's fees in this matter is denied.

4. Plaintiff's demand for compensatory damages for alleged violation of his due process rights by the named Defendants is denied.

5. Plaintiff's demand for lost wages and punitive damages is denied.

6. Judgment in Defendants' favor is hereby entered and the Clerk of Courts is directed to close this case.