**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-4140 & 10-4241
_____

JEROME PREVET,
                                                        Appellant

v.

MICHAEL C. BARONE, SUPERINTENDENT; MAJOR MR. PAUL A. ENNIS;
UNIT MANAGER MR. GRAHAM; COUNSELOR MR. BLICHA;
PAROLE BD SUPER. MRS. EVERTTE; *SECRETARY PENNSYLVANIA
DEPARTMENT OF CORRECTIONS;
PAROLE AGENT MRS. BAKER; PAROLE AGENT MRS. LUTZ;
MRS. CYNTHIA L. DAUB, PAROLE BOARD SECRETARY; PAROLE AGENT MR.
HOUGES

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-09-cv-00160)
Magistrate Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2011

Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: May 20, 2011)

_____

OPINION
_____

PER CURIAM

Jerome Prevet, an inmate at SCI-Forest in Pennsylvania, appeals from an order of the District Court granting summary judgment to the defendants in this pro se civil rights action. For the following reasons, we will affirm the District Court's judgment.

Prevet is serving a prison sentence of seventeen to thirty-four years for a 1981 conviction. His maximum sentence expires on October 21, 2014. He has been considered for and denied parole on a number of occasions. His last hearing occurred in March 2009. At that time, he had recently completed the prison's sex-offender treatment program, which the Pennsylvania Board of Probation and Parole ("PBPP") had previously listed as a requirement for parole consideration. Citing the negative recommendation supplied by the Department of Corrections ("DOC") and Prevet's minimization of the nature and circumstances of his offense, however, the PBPP again denied parole.

In July 2009, Prevet filed a complaint pursuant to 42 U.S.C. § 1983. He named as defendants several DOC and PBPP employees and alleged, inter alia, that he was denied parole because (1) he had previously filed grievances and lawsuits against prison officials and (2) he is a member of the Nation of Islam. He claimed that the DOC defendants had retaliated against him by refusing to provide the positive parole recommendation, and that the PBPP defendants had retaliated against him by denying parole.

The District Court awarded summary judgment to the defendants, finding that the parole denial was "reasonably related to legitimate penological interests," and that the

2

PBPP would have rendered the same decision notwithstanding any motivation to retaliate.  See Carter v. McGrady, 292 F.3d 152, 158-59 (3d Cir. 2002).  Prevet filed a timely appeal, confined to a challenge to the District Court's ruling on his retaliation claims.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the non-moving party.  Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).  Summary judgment should be granted only if there is no genuine as to any material fact and the moving party is entitled to judgment as a matter of law.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822 (3d Cir. 2011).

Prison officials are liable for retaliatory conduct if the conduct was motivated "in substantial part by a desire to punish [the] individual for exercise of a constitutional right," Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)), such as an inmate's filing of lawsuits and grievances related to incarceration, or his religious practice.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir.

---

[1] We note that the defendants did not raise, and the District Court did not consider, whether Heck v. Humphrey, 512 U.S. 477 (1994), bars Prevet's challenge to his parole denial.  See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).  Although we directed the parties to address this issue, along with whether the defendants had waived the defense by failing to raise it, see Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 862-63 (7th Cir. 2004), they did not do so.  Because we agree with the District Court's decision to deny the claims on the merits, we need not decide whether Heck would bar Prevet's challenge.

3

1981).  To prevail on a retaliation claim, the prisoner must prove:  (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  However, "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Id. at 334.

Here, the DOC defendants argue that even assuming that Prevet had established a prima facie case for retaliation, they acted pursuant to a legitimate penological interest in withholding a favorable parole recommendation, because of Prevet's "poor adjustment, reflected in seven misconducts, multiple group failures and the nature of his offense . . . ."  Appellees' Brief at 9.  We find these factors are indeed legitimate penological concerns, and that the DOC defendants met their burden of showing that they would have withheld a parole recommendation absent any retaliatory motive.  Similarly, the PBPP defendants denied parole based on the DOC's negative recommendation, and Prevet's "minimization of the nature and circumstances of the offense(s) committed."  We agree with the District Court that these are also legitimate penological concerns, and that the PBPP defendants met their burden of showing that they would have made the same decision absent any retaliatory motive.  The District Court thus properly granted summary motion in favor of the defendants.

4

Accordingly, we will affirm the District Court's judgment.