DLD-012                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2932
_____

THURMAN MEARIN,
                                    Appellant

v.

PETE VIDONISH, Unit Manager; SUPERINTENDENT LOUIS S. FOLINO;
MARLENE STEWART, Coordinator P.R.C.; ROBERT MCCOMBIE, Activities;
LAUREL HARRY, Unit Manager; CARLA SWARTZ, Unit Manager;
TIMOTHY I. MARK, Deputy Chief Counsel for Hearing & Appeals;
BRIAN COLEMAN, Deputy; MARK CAPOZZA, Major of the Guard;
DAVID SACKS, Employee; CINDY WATSON, Chief Grievance Officer;
DORENA VARNER, Chief Grievance Officer
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00597)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: November 3, 2011)
_____

OPINION
_____

PER CURIAM

Thurman Mearin, proceeding pro se, appeals from the an order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendants. For the following reasons, we will summarily affirm the District Court's judgment.

I.

Mearin is currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Greene ("SCI-Greene"). Prior to his transfer to SCI-Greene in July 2005, Mearin was housed at the State Correctional Institution at Graterford ("SCI-Graterford"). Mearin alleges that he suffered retaliation at SCI-Greene after prison officials became aware that he was pursuing a lawsuit against SCI-Graterford Security Captain Thomas Dohman. Mearin claims that some of his personal items were stolen and destroyed, and that documents were falsified so that he could be placed in the Restricted Housing Unit ("RHU") for a period of 256 days, beginning in February 2006.[1] After his release, Mearin was again placed in the RHU for a period 343 days, beginning in November 2006, after it was determined that he was a danger to himself or others. Mearin believes that his second placement in administrative custody was also in retaliation for his having filed a lawsuit against Thomas Dohman.

In November 2008, Mearin filed a second amended complaint pursuant to

_____

[1] We note that Mearin did not actually file his lawsuit until October 30, 2006.

42 U.S.C. § 1983 claiming violations of his First and Fourteenth Amendment rights.[2]

Named as defendants were the following DOC employees: SCI-Greene Superintendent

Louis Folino; Deputy Brian Coleman; Deputy Chief Timothy Mark; Major Mark

Capozza; unit managers Pete Vidonish, Laurel Harry, Robert McCombie, and Carla

Swartz; grievance officers Dorena Varner and Cindy G. Watson; coordinator Marlene

Stewart; and David Sacks.

The defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6). On December 29,

2009, the District Court entered an order granting in part, and denying in part, the motion

to dismiss. Adopting the Magistrate Judge's recommendation, the District Court

determined that Mearin failed to state a claim upon which relief could be granted with

respect to his Fourteenth Amendment due process claim, but had adequately alleged a

First Amendment retaliation claim against the defendants. At the close of discovery, the

defendants filed a motion for summary judgment, which the District Court granted.

Mearin filed a timely notice of appeal.

## II.

We have appellate jurisdiction under 28 U.S. C. § 1291, and may summarily

affirm the District Court's judgment if the appeal presents no substantial question. See

3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. "We review district court decisions regarding

---

[2] Mearin filed a supplement to that amended complaint in December 2008, which the District Court also considered.

both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Summary judgment is granted when viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

### III.

Mearin first alleged that his due process rights were violated by two separate periods of administrative detention in the RHU.[3] The District Court concluded that Mearin failed to state a claim for relief because he did not identify a cognizable liberty interest.

A prisoner's procedural due process rights are violated when he is deprived of a legally cognizable liberty interest, which occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

---

[3] The first period of detention was approximately eight months, and the second was approximately eleven months.

4

Sandin v. Conner, 515 U.S. 472, 484 (1995). When considering whether an inmate's placement in segregated housing triggers a legally cognizable liberty interest, courts must consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation. Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (citing Sandin, 515 U.S. at 486).

We agree with the District Court that neither of Mearin's placements in administrative custody triggered a constitutionally protected liberty interest. See, e.g., Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (confinement in administrative custody for fifteen months not atypical or significant deprivation). Likewise, we agree with the District Court that the RHU conditions of which Mearin complained did not expose him to atypical and significant deprivations. Shoats, 213 F.3d at 142-43.

We also agree with the District Court that there is no genuine issue of material fact regarding Mearin's retaliation claims. As mentioned, Mearin claims that defendants retaliated against him, in various ways, for filing a lawsuit against a security captain at SCI-Graterford. To prove retaliation, a prisoner must demonstrate that he was engaged in constitutionally protected conduct, that prison officials caused him to suffer "adverse action," and that his constitutionally protected conduct was a motivating factor in the officials' decision to discipline him. Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). Prison officials may

5

prevail by proving that they would have made the same decision even if the prisoner was not engaging in constitutionally protected conduct. Id.

Indeed, the filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity. Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). However, the District Court correctly determined that Mearin failed to set forth any evidence from which a reasonable jury could conclude that his constitutionally protected activity was a motivating factor in any of defendants' decisions. The defendants, on the other hand, submitted affidavits stating that they had no knowledge of Mearin's preparation or filing of his lawsuit during the time that he suffered the alleged adverse actions. Without any evidence to support a finding of a causal connection, we conclude that Mearin failed to establish a prima facie case of retaliation.[4] Summary judgment was therefore appropriate.[5]

As this appeal does not raise a substantial question, we will affirm the judgment of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.

---

[4] To the extent that Mearin additionally alleged that he was retaliated against for having filed grievances, we agree with the District Court the defendants were also entitled to summary judgment on this claim because Mearin failed to adequately identify the grievances at issue, or which actions were allegedly taken in retaliation for his having filed them.

[5] Having concluded that Mearin was unable to demonstrate causation, we need not determine whether certain of Mearin's retaliation claims were also time-barred.