DLD-204                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3080
_____

CHARLES WHITNEY,

Appellant

v.

JOHN E. WETZEL;
BRIAN V. COLEMAN; RHONDA HOUSE;
DEPUTY  GATES; MAJOR S. NICKELSON;
CARL E. WALKER;  CPT.TREPPET,;
CHUCK BYERS; BUZAS; B. PARSONS;
CPT. T. BERIER; MICHAEL OPPMAN;
MS. LINDERMAN; LT. CLARK;
C/O VORPAL; JOHN DOE, 1;
JOHN DOE, 2; JOHN DOE, 3;
JOHN DOE, 4; JOHN DOE, 5;
LT. SWITZER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-12-cv-01632)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
April 7, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed: May 9, 2016)

_____

OPINION[*]

_____

PER CURIAM

Charles Whitney appeals from the District Court's grant of summary judgment to Appellees, and the District Court's partial grant of Appellees' motion to dismiss. We conclude that the District Court correctly found Whitney's claims meritless, and will affirm.

Whitney brought an action under 42 U.S.C. § 1983 alleging that Appellees violated his Eighth Amendment, First Amendment and Fourteenth Amendment rights during his incarceration at SCI-Benner. He alleges that Appellees retaliated against him for filing grievances about his treatment at the facility by placing him in the Special Management Unit ("SMU"), in violation of his First Amendment right to free speech.[1] He also alleges that, while in he was housed in the SMU, Appellees violated his Eighth Amendment right against cruel and unusual punishment by permitting him to reside in inhumane conditions of confinement. Finally, he alleges that Appellees violated his right

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] SMU is "a special unit within designated Department facilities designed to safely and humanely handle an inmate whose behavior presents a serious threat to the safety and security of the facility, staff, other inmates or himself/herself." See Concise Statement of Material Facts, D.C. dkt # 75 at 2. 0

2

to equal protection under the Fourteenth Amendment because they treated him differently from white and "European" inmates by placing and keeping him in the SMU.

Appellees filed a motion to dismiss, which the District Court granted as to Whitney's First Amendment claim that Appellees improperly opened his privileged mail. The Court also dismissed three Defendants from the suit, concluding that Whitney failed to demonstrate their personal involvement in the constitutional violations he complained of.[2]

Following discovery, Appellees moved for summary judgment. The Magistrate Judge issued a Report and Recommendation recommending summary judgment in favor of Appellees. The Magistrate Judge concluded that the record evidence did not establish that Whitney's complaints were a substantial motivating factor in Appellees' decision to place him in the SMU because Whitney had received so many misconduct citations over the time he was incarcerated; therefore, Whitney could not meet his burden to demonstrate that he had a First Amendment retaliation claim. The Magistrate Judge also concluded that Whitney's allegations did not rise to the level of an Eighth Amendment violation. Although Whitney alleged that inmates had been smearing feces on cell walls, Whitney provided no evidence that he was housed anywhere near the cells with smeared feces, that his own cell was smeared with feces, or that he was in any way exposed to the feces. Therefore, there was no genuine dispute of material fact regarding this claim.

---

[2] We agree with the District Court's reasoning on these issues and will not discuss them further.

Finally, Whitney's Equal Protection claim failed because he did not demonstrate that he was treated differently from similarly situated prisoners. Even if he had demonstrated that he was treated differently from other prisoners, the Magistrate Judge concluded, Appellees were entitled to summary judgment because an equal protection claim alleging differential treatment compared to other prisoners is subject to rational basis scrutiny, and Appellees had legitimate penological reasons for housing Whitney in the SMU.

Whitney filed objections to the Report and Recommendation, in which he argued that the Magistrate Judge failed to address his claim that he had been forced to breathe in deadly second-hand smoke while housed in the SMU in violation of his Eight Amendment rights. He also argued that the Magistrate Judge incorrectly determined that he did not raise a conspiracy claim or a theft of property complaint in his initial complaint, and that the Judge incorrectly failed to consider his state law claims.

The District Court adopted the Report and Recommendation. The Court found that Whitney's claim of being exposed to deadly second-hand smoke was baseless, as he had filed a grievance complaining of the smoke, and after an investigation it was revealed that Whitney had not offered any proof to substantiate his claim. The District Court also found that the Magistrate Judge did, in fact, address Whitney's conspiracy claim and correctly determined that it was baseless. The District Court declined to exercise supplemental jurisdiction over Whitney's state law claims because it granted summary judgment to Appellees on all of his federal constitutional claims.

4

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of an order granting a motion for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order where there is no substantial question presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

Summary judgment is proper where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. We view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. Blunt v. Lower Merion School District, 767 F.3d 247, 265 (3d Cir. 2014). "However, where a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." Id. The nonmoving party "cannot establish a genuine dispute as to a material fact by pointing to unsupported allegations in the pleadings." Doe v. Luzerne Cnty., 660 F.3d 169, 175 (3d Cir. 2011). The non-moving party must "present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

To establish a First Amendment retaliation claim, a plaintiff must demonstrate that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from

5

exercising his [constitutional] rights;" and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim. See Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). To establish a causal connection between the exercise of the protected activity and the adverse action, a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). A defendant may defeat a retaliation claim by showing that he or she would have taken the same action even if the plaintiff had not engaged in the protected activity. Id. at 267.

Whitney claims that he was placed in the SMU as retaliation for filing grievances against prison staff and for agreeing to serve as a witness in other inmates' lawsuits, but he fails to provide any evidence that establishes a causal link between the two. The record indicates that Whitney filed multiple grievances against prison staff for several years, prior to and during the time he spent in the SMU. He was transferred into the SMU program at SCI-Fayette because he received a misconduct report while housed at SCI-Smithfield, and he had not yet completed the SMU program when he was transferred. Whitney also has an extensive documented misconduct history for which he has been sanctioned on multiple occasions. These include the use of obscene language,

6

refusing to obey orders, breaking restrictions and being in unauthorized areas of the facilities in which he has been housed. Whitney has offered no evidence to dispute the validity of these misconduct reports, other than to make the unsupported contention that one of them was fabricated. Appellees have therefore demonstrated that they had legitimate penological reasons for placing Whitney in the SMU, and the District Court correctly granted summary judgment to Appellees on this claim.

The District Court also correctly granted summary judgment to Appellees on Whitney's Eighth Amendment conditions of confinement claim. In order to succeed on such a claim, a plaintiff must demonstrate both that (1) he has been denied "the minimal civilized measure of life's necessities," and (2) that prison officials acted with deliberate indifference to those conditions. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Whitney contends that he was forced to live with mentally ill inmates at the SMU, where inmates banging on toilets and sinks created intolerable noise, the air stank of urine and feces, and he was exposed to inmates throwing urine and feces. He further alleges that the stench made him lose his appetite and the noise deprived him of sleep. Whitney also contends that he was denied heat in the winter months, and, as a result, his cell was intolerably cold. Finally, he argues that he was exposed to deadly second-hand smoke while housed in the SMU.

Whitney's allegation of being housed with mentally ill inmates is baseless. The record reveals that mentally ill inmates are not housed in the SMU at SCI-Smithfield, and Whitney offers no evidence to indicate that prison officials were violating this policy.

Whitney's allegation that his prison cell was too cold is also unfounded. The summary judgment record reveals that after Whitney complained to prison officials that his cell was too cold, the temperature of his cell was checked and determined to be 72 degrees. Nor does the record support the allegation that Whitney was exposed to second-hand smoke in the SMU.

Whitney's allegation that the other inmates in the SMU caused intolerable noise levels does not survive summary judgment. To meet the objective criteria of an Eighth Amendment claim, a plaintiff must show that the risk of injury from the conditions to which he was exposed was "so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk." <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993). Whitney has failed to provide any evidence that the noise in the SMU was so excessive and pervasive that it posed a serious risk of injury to him. <u>See</u> <u>Lunsford v. Bennett</u>, 17 F.3d 1574, 1580 (7th Cir. 1994). At most, Whitney has shown that the noise in the SMU is "irritating," which "cannot fairly be said to inflict cruel and unusual punishment." <u>Peterkin v. Jeffes</u>, 855 F.2d 1021, 1027 (3d Cir. 1988).

Whitney's allegations that the other inmates smeared feces on the walls also lacks record support. The record evidence indicates that Whitney was the only inmate making this complaint in the SMU, and he has not provided any evidence of the proximity of his cell to the cells containing feces or to the inmates who threw feces, and the length of time he was exposed to such conditions. He has therefore failed to demonstrate that there is a genuine issue of material fact on this claim.

8

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state an equal protection claim, a plaintiff must first show that he has been treated differently from similarly situated individuals. See City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Where an inmate demonstrates that he was subjected to a prison's policy of differential treatment based on race, that policy is subject to strict scrutiny. See Johnson v. California, 543 U.S. 499, 507 (2005). Under strict scrutiny, Appellees have the burden of proving that their racial classification is narrowly tailored to further a compelling governmental interest. Id. at 505. In his Fourteenth Amendment equal protection claim, Whitney alleges that he was treated differently from the white inmates at SCI-Smithfield because of his race. Specifically, he argues that while the white inmates were released from the SMU in only 90 days, black and latino inmates were kept in the SMU for much longer. Whitney has not supported his allegations. In his deposition testimony, Whitney admits that he did not keep track of which SMU prisoners were released, when they were released, and their race. The District Court was therefore correct to grant summary judgment to Appellees on this claim.

Because this appeal presents no substantial question, we will affirm. The motion for appointment of counsel is denied.