ROTH, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from the holding of the majority in Part II A of its opinion that Mack has stated a First Amendment retaliation claim against defendants Roberts and Venslosky. I believe that, with regard to a retaliation claim made by the inmate of a prison, oral complaints should not be considered protected conduct under the First Amendment. Oral complaints, unlike written grievances, do not create a record. In fact, oral complaints may gener *307 ate uncertainty about the content, or even the existence, of the grievance. In addition, a written complaint better provides notice to prison officials about the nature of the grievance and the individuals implicated in it.[1] This written notice is important because, in the prison setting, inmates constantly interact with multiple prison officials, and “virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act.” [2]
Drawing a line between oral, informal complaints and written, formal grievances reflects some of the difficulties in the administration of prisons and in the handling inmate grievances. Congress had these concerns in mind when it enacted the Prison Litigation Reform Act, which directs inmates to comply with the correctional institution’s policy on grievance resolution.[3] The institution’s policy here, found in the Loretto inmate handbook, directs that inmates file written grievances; the handbook makes no mention of oral complaints.
As we set out above, the logic behind encouraging written rather than oral complaints is obvious when viewed in the context of effective administration of the prison grievance system. The majority’s conclusion that an oral, informal complaint constitutes protected conduct under the First Amendment renders the administration of grievance procedures more difficult and risks vastly increasing the number of prisoner lawsuits involving retaliation claims.
Furthermore, our precedent is clear that written grievances do constitute protected conduct under the First Amendment. In Milhouse, we held that the inmate stated a claim that he was subjected to a conspiratorially planned series of disciplinary actions as retaliation for initiating a civil rights suit against prison officials.[4] In Bist-rian, we concluded that the inmate stated a claim that prison officials confined him in the segregated housing unit in retaliation for written complaints he filed through his attorney.[5] A written grievance protects the prisoner as well as the prison administration.
In conclusion, considering the policy behind the Prison Litigation Reform Act’s requirement that a grievance be in writing and that it comply with the correctional institution’s policy, along with the Loretto inmate handbook’s requirement that grievances be in writing, I find that these requirements are “legitimate penological objectives of the corrections system.”[6]
I consider, therefore, that it is not a violation of a prisoner’s First Amendment rights to require that any grievance that would form the basis for a retaliation claim be in writing and to refuse to find a retaliation claim arising from an oral complaint. Thus, I would affirm the District Court’s *308 dismissal of the First Amendment retaliation claim.
I do, however, join the majority in its holding in Part II B that the allegations of the RFRA violation survive a motion to dismiss and that that claim should be remanded to the District Court. I also join the majority in its holding in Part II C and D that the District Court’s dismissal of the First Amendment Free Exercise claim and the RLUIPA claim be affirmed.

. Johnson v. Johnson, 385 F.3d 503, 526-27 (5th Cir. 2004) (letters and forms filed by inmate provided prison officials notice of the substantial risk that inmate faced for his safety).

. Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotations omitted).

. 42 U.S.C. § 1997e(a) (2000).

. Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

. Bistrian v. Levi, 696 F.3d 352, 362-63 (3d Cir. 2012).

. Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) (holding that in the First Amendment context "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.”).