**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3319
_____

KEVIN HOWARD,
                              Appellant

v.

ROBERT COUPE; DAVID PIERCE; RONALD HOSTERMAN; MICHAEL LITTLE;
NEW CASTLE COUNTY, the Municipality of Vaughn; PERRY PHELPS,
Commissioner Official Capacity; DANA METZGER, Warden of JTVCC; JIM SIMMS,
Treatment Administrator Official Capacity
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:17-cv-01548)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed February 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Kevin Howard appeals from a judgment entered against him following a bench trial in the United States District Court for the District of Delaware. For the following reasons, we will affirm.

Howard is incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Delaware. In 2013, he applied for a position as an inmate law clerk in the JTVCC law library via letter. Michael Little, then the JTVCC Legal Services Administrator, sent Howard a letter in response, explaining that to qualify for an inmate law clerk position, Howard must have a clean recent disciplinary record and either current employment within JTVCC or relevant educational or work experience. Over the following two years, Howard avoided disciplinary charges, got another job within the facility, and completed a certificate of paralegal studies. Howard sent Little a letter in July 2015 and again expressed his interest in an inmate law clerk position. Little responded that there were no open positions at that time. In September 2015, about six weeks later, an inmate law clerk left his position and there was an opening, for which Howard was not hired.

In 2017, Howard filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the failure to hire him for this position was in retaliation for exercising his First Amendment rights by filing a prior lawsuit against the Department of Corrections ("DOC") in 2014.[1] Howard alleged in his amended complaint that when he expressed interest in the open

---

[1] See Hall v. Coupe, No. CV 10307-VCS, 2016 WL 3094406 (Del. Ch. May 25, 2016).

position in September 2015, a civilian paralegal in the JTVCC law library told him that any inmate with litigation pending against the DOC could not be hired as a law clerk. See Am. Compl. 6–7, ¶ 19. Howard further alleged that Little told him in October 2015 that he had not been hired because of his pending litigation against the DOC. See id. at 7, ¶ 20.

All defendants other than Little were dismissed from the action in July 2019. See ECF No. 34. After discovery, the District Court appointed counsel for Howard and held a bench trial. The District Court ruled in favor of Little, explaining that Howard had not proved that he had formally applied for the open position in September 2015, so the failure to hire him could not have been retaliatory. Howard timely appealed.[2]

Howard primarily challenges the District Court's judgment after bench trial in favor of Little. On appeal from a bench trial, "we review the District Court's factual findings, and mixed questions of law and fact, for clear error, and we review the Court's legal conclusions de novo." Alpha Painting & Constr. Co. v. Del. River Port Auth., 853 F.3d 671, 682–83 (3d Cir. 2017). "To the extent that the District Court's [findings of fact] rested on credibility determinations, our review is particularly deferential." Travelers

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. The District Court's earlier, non-final orders merged with the final judgment and thus are subject to review at this posture. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 659 (3d Cir. 2022); Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434–35 (3d Cir.1986).

Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 156–57 (3d Cir. 2010) (citing Anderson v. Bessemer City, 470 U.S. 564, 575 (1985)).

As Howard acknowledges, prisoners do not have a protected interest in prison employment. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir.), cert. denied, 493 U.S. 870 (1989). Nonetheless, a prisoner cannot be fired from or passed over for a job in retaliation for exercising a constitutional right. See Mack v. Warden Loretto FCI, 839 F.3d 286, 300 n.76 (3d Cir. 2016). A prisoner alleging retaliation must show (1) "constitutionally protected conduct," (2) an adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his constitutional rights," and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (cleaned up). The first prong is undisputed: Howard filed a previous lawsuit in state court against the DOC, which is constitutionally protected conduct. See Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). What remains at issue on appeal is the proper interpretation and application of the second[3] and third prongs.

---

[3] Howard argues that Little "waived the adverse action element by not raising it in the pretrial order," and "expressly declined to state he was contesting this prong in the pretrial order." Appellant Br. 13, 16. But the District Court concluded that Little "certainly disputed whether Howard had applied for the job," Mem. Op. 6 n.4, ECF No. 123, and Little correctly points to the "Statement of Facts that Remain to be Litigated" in the pretrial order as preserving this dispute, see Appellee Br. 23–24 (citing ECF No. 98 at 6).

Based on Little's testimony about his hiring practices as well as Howard's past applications via letter, the District Court found that "the expected and usual method of applying for the position of inmate law clerk was to submit a letter of interest in response to a posted opening." Mem. Op. 6, ECF No. 123.[4] In addition, the District Court found "Howard did not apply for the [September 2015] position" based on:

> The combined weight of (1) Little's testimony that he did not recognize Howard's September 2015 letter, (2) Howard's delay in producing the letter, (3) the letter's lack of a "received" stamp, (4) the absence of any memorandum from Little acknowledging receipt of the application [as Little had provided with Howard's previous applications], and (5) Howard's failure to mention the letter in the Grievance he filed on the subject of, and nearly contemporaneously with, the events at issue here.

Id. at 8–9. Although there seem to have been exceptions to this hiring practice,[5] having reviewed these factual findings against the record, we discern no clear error. Because it found Howard did not apply for the position and his case failed on the first prong of a retaliation claim, the District Court determined the issue of causation was moot. Id. at 10. We agree.

---

[4] Former inmate law clerk Joseph Hermes corroborated the method of posting jobs, but did not discuss letter applications. See Trial Tr. Vol. I at 70, ECF No. 121.

[5] For example, Little admitted to hiring at least one inmate law clerk without a letter application under special circumstances where "security and classification" at the prison requested an inmate employed at the chapel be moved to work at the library. See Trial Tr. Vol. II at 308, 225–26, ECF No 122.

Howard also challenges the District Court's 2019 order dismissing his claims against three supervisory defendants.[6] Our review is plenary. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n. 7 (3d Cir. 2021) (cleaned up). We construe Howard's pro se filings liberally. Id. A plaintiff seeking to impose liability under § 1983 must state with particularity each defendant's participation in—or actual knowledge of and acquiescence to—the alleged wrongs. See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3rd Cir. 1988).

Howard claimed that he told the supervisory defendants between 2013 and 2014 that the system of assigning jobs at the discretion of individuals (such as Little in the law library) contravened statutory and policy mandates that (he claims) dictate adherence to a work-pool system for job assignments.[7] According to Howard, Little's allegedly retaliatory hiring decision was thus taken because of the supervisory defendants' "custom

---

[6] They are: Robert Coupe, former Commissioner of the DOC; David Pierce, former Warden at JTVCC; and Ronald Hosterman, former Treatment Administrator at JTVCC.

[7] We agree with the District Court that any claims based solely on Howard's interactions with the supervisory defendants from February 2013 to April 2015 are time barred. See Mem. 12, ECF No. 33 (citing, inter alia, Del. Code tit. 10, § 8119); see also McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996).

6

or policy" of allowing individual hiring discretion rather than using the work-pool system.[8] See generally Am. Compl. 8–9, 13–19, ECF No. 22.

The District Court's decision to dismiss was not error. Crucially, as observed by the District Court, Howard did not plead that any of these defendants were personally involved in Little's decision not to hire him in the law library, Mem. Op. 12, ECF. No. 33; and Howard's allegations as to Little's discretion run contrary.[9]

Finally, Howard challenges the District Court's decisions denying the appointment of counsel and granting Little's motion for a protective order against further discovery. We review both for abuse of discretion, see Cyberworld Enter. Techs., Inc. v. Napolitano, 602 F.3d 189, 200 (3d Cir. 2010) (explaining that this Court "will not disturb [discovery] orders without a showing of actual and substantial prejudice"); Shingara v. Skiles, 420 F.3d 301, 305 (3d Cir. 2005); Tabron v. Grace, 6 F.3d 147, 155, 159 (3d Cir. 1993), and perceive no abuse in either ruling.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[8] Howard named the "Municipality of Vaughn" as a defendant, describing the above as a theory of municipal liability. As the District Court explained, JTVCC is not a municipality for the purposes of § 1983 liability, and is instead a state agency immune from suit. See Mem. 9–10, ECF No. 33 (citing, inter alia, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Howard's reliance on this theory fails as to the supervisory defendants for the same reason.

[9] Supervisory defendants also could not have "acquiesced" in Little's decision by failing to act on Howard's subsequent grievance. See Rode, 845 F.2d at 1208 (reviewing an inmate grievance is not "personal involvement" for a § 1983 claim).

7