GLD-041                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1996
_____

HILTON KARRIEM MINCY,
                                        Appellant

v.

DEPUTY SUPERINTENDENT KENNETH CHMIELSEWSKI; LIEUTENANT
WILLIAM WETZEL; OFFICER J. E. VANCE; OFFICER J. E. MURPHY; OFFICER
BRIAN GOWEN; RESTRICTED HOUSING UNIT LIEUTENANT WILLIAM
WETZEL; PROPERTY ROOM LIEUTENANT LLOYD KERSHNER; PROPERTY
ROOM LIEUTENANT MICHAEL KMIECIAK; RESTRICTED HOUSING
LIEUTENANT BRONSBURG; PROPERTY ROOM SERGEANT MEYERS;
PROPERTY ROOM OFFICER HRYCIYNIA; MAJOR THOMAS DERFLER; BLOCK
COUNSELOR K. KORNASKY; UNIT MANAGER MARTIN WILLIAMS;
SECURITY LIEUTENANT GERALD GAVIN; DEPUTY SUPERINTENDANT
KENNETH G. CHMIELEWSKI; DEPUTY SUPERINTENDANT THOMAS
TEMPERINE; SUPERINTENDANT EDWARD KLEM; LIEUTENANT RUSSELL
BROUGHT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:07-cv-00790)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2012

Before:  FUENTES, FISHER and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 4, 2013)
_____

OPINION
_____

PER CURIAM

Hilton Karriem Mincy, an inmate currently incarcerated at SCI Albion in Albion, Pennsylvania and proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying Mincy's partial motion for summary judgment and granting Appellees' motion for summary judgment in Mincy's civil rights suit pursuant to 42 U.S.C. § 1983. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

**A.    Factual Background**

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. At all times relevant to Mincy's claims, he was incarcerated at SCI Mahanoy in Frackville, Pennsylvania. On March 25, 2005, Mincy received permission to order new sneakers and boots, and his new sneakers and boots arrived in SCI Mahanoy's mail room around April 12, 2005. However, Mincy's package was placed in the property room because he was serving ninety days of disciplinary custody in the Restricted Housing Unit ("RHU") when the package arrived. In April or May 2005, Mincy contacted Kerschner, the property room lieutenant, with concerns that his sneakers and boots were missing. Later, on September 7, 2005, Mincy sent a request regarding his

2

property to the mail room supervisor; he was subsequently informed that he had received his sneakers and boots and that the package was in the property room.

From April 2005 through January 2006, Mincy received a number of misconduct findings resulting in continuous disciplinary custody in the RHU. On May 27, 2005, Mincy was found guilty of threatening an employee with bodily harm and using abusive or obscene language. On June 3, 2005, Mincy was found guilty of another violation of the same offense. On December 2, 2005, he was found guilty of assault, threatening an employee with bodily harm, and using abusive or obscene language. Mincy was also found guilty of possession of contraband on September 6, 2005.

On June 8, 2006, Mincy sent requests for protective custody and a transfer from SCI Mahanoy to Superintendant Klem and Deputy Secretary Vaughn; however, he was told that his requests were unfounded. On July 26, 2006, Mincy sent a request asking to be separated from six inmates after his release from the RHU to Lieutenant Gavin. After conducting an investigation, Gavin sent a memorandum to Klem recommending that Mincy not be returned to general population housing, that a transfer be requested, and that he remain in the RHU pending a decision on the transfer petition. Mincy's transfer request was approved on August 22, 2006, and he was informed that he was to be transferred to SCI Albion.

On August 31, 2006, Mincy was escorted to the property room to inventory and pack his property. Present in the property room during his inventory were property room officers Hrycyna and Meyers. Mincy packed his own property, including his typewriter, for shipping to SCI Albion. The next day, Mincy filed a grievance alleging that his new

3

boots and sneakers had been taken in retaliation for his filing civil complaints and inmate grievances. Although his grievance was initially denied by Lieutenant Brought, it was remanded because the sneakers and boots listed on Mincy's inventory sheet were not the new items he had ordered in March 2005. The items could not be located, and Mincy received a credit to his inmate account reimbursement for the missing boots and sneakers. Mincy subsequently filed a grievance against Brought for interference with the grievance process; however, this grievance was denied.

Mincy was transferred to SCI Albion on September 5, 2006, and his property was shipped on September 8, 2006. After his transfer, Mincy filed a grievance alleging that his transfer was in retaliation for his previously filed grievances and lawsuits. Mincy also filed a grievance concerning damages to his typewriter because it was damaged upon arrival at SCI Albion; he was subsequently reimbursed for the cost of the typewriter.

B.     Procedural Background

In 2007, Mincy filed a complaint alleging various claims against seventy-seven defendants from both SCI Mahanoy and SCI Albion. After a preliminary review, the District Court directed Mincy to file an amended complaint complying with Federal Rules of Civil Procedure 8 and 20. Mincy instead filed a new complaint to commence another action, and the District Court ordered that this new complaint be withdrawn and filed as an amended complaint in this action. The District Court then dismissed this complaint for failing to adhere to the requirements of Rule 8, and on appeal, we vacated the dismissal order and remanded for further consideration. In accordance with our

4

mandate, the District Court ordered that Mincy's complaint be served on Klem, Beard, and Brooks, the only defendants specifically named.

Mincy subsequently filed a motion to separate the parties, and the defendants moved to dismiss Mincy's complaint. The District Court denied the motion to dismiss without prejudice and granted the motion to separate, directing Mincy to file proposed amended complaints separating the different claims and parties. Mincy did so on September 1, 2009, filing one proposed amended complaint containing claims against the SCI Mahanoy defendants and one containing claims against the SCI Albion defendants. The SCI Albion complaint was subsequently docketed and transferred to the United States District Court for the Western District of Pennsylvania. (See Mincy v. McConnell, W.D. Pa. Civ. No. 1:09-cv-236.)[1] The SCI Mahanoy complaint was docketed in this action and served on all named defendants.

Appellees filed a motion to dismiss the complaint, which the District Court granted in part and denied in part on February 16, 2010. The District Court provided Mincy with the opportunity to file a second amended complaint regarding his claims that Vance, Gower, Wetzel, and Murphy issued retaliatory misconduct reports and his claims alleging retaliatory theft of property, retaliatory destruction of property, and retaliatory transfer. Mincy filed his second amended complaint on May 24, 2010.

After extensive discovery, Appellees filed a motion for summary judgment, and Mincy filed a motion for partial summary judgment. On March 6, 2012, the District

---

[1] Mincy's appeal of the judgment in Mincy v. McConnell is currently pending before this Court. (See Mincy v. McConnell, No. 12-3463.)

5

Court granted Appellees' motion, denied Mincy's motion, and entered judgment in favor of Appellees. Mincy timely appealed.[2]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate only when the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Section 1983 provides private citizens with a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or

---

[2] Mincy filed a motion for reconsideration on March 19, 2012, which was not denied by the District Court until August 30, 2012. Because Mincy filed his notice of appeal before the District Court entered the August 30, 2012, the notice is timely and became effective on that date. See Fed. R. App. P. 4(a)(4)(B)(i). However, because Mincy did not appeal the District Court's order denying his motion for reconsideration, that order does not fall within the scope of our jurisdiction. See Fed. R. App. P. 4(a)(4)(B)(ii).

statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). To sustain a retaliation claim under § 1983, an inmate must demonstrate that (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse response. See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002); see also Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). With respect to the required causal link, if the prisoner makes a prima facie showing that his constitutionally protected conduct was a motivating factor in the decision to discipline, the defendant then has the burden of showing that the same disciplinary action would have been taken even in the absence of the protected activity. See Rauser, 241 F.3d at 334.[3]

## A.     Retaliatory Misconduct Reports

Mincy first alleges that Lieutenant Wetzel and Officers Murphy, Gower, and Vance violated his First Amendment rights by issuing false and retaliatory misconduct reports to "punish" Mincy for filing grievances and civil lawsuits. We agree with the District Court that Mincy failed to establish a prima facie case of retaliation. Mincy was charged with a number of offenses, including assault, threatening an employee, using obscene language, and possession of contraband. The record indicates that the decisions

---

[3] In their motion for summary judgment, Appellees asserted the affirmative defense that Mincy's claims contained in his amended second complaint were barred by the applicable statute of limitations for § 1983 suits. In Pennsylvania, the applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524(7); see also Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). Although the District Court determined that Mincy's second amended complaint was time-barred, it proceeded to consider the merits of his retaliation claims. Likewise, we bypass a possibly meritorious statute of limitations defense and consider the merits of Mincy's claims.

of the hearing officer were sustained throughout the administrative appeal. Mincy's unsupported assertions that the charges were fabricated to retaliate against his litigation activities are insufficient to create genuine issues. See Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991) (noting that a party opposing summary judgment may not rely on mere allegations, general denials, or vague statements). The evidence of record concerning Mincy's guilt of these offenses shows that Appellees' action was reasonably related to a legitimate penological interest and that Mincy would have been charged regardless of his litigation activities. See Rauser, 241 F.3d at 334; see also Carter, 292 F.3d at 159 (affirming summary judgment in favor of defendants on retaliation claim when "the quantum of evidence" concerning the prisoner's misconduct showed that he would face disciplinary action regardless of his protected activity); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (stating that a finding of "some evidence" in support of a disciplinary determination "checkmates" a retaliation claim). Accordingly, the District Court correctly granted summary judgment to Appellees on this claim.

## B.      Retaliatory Theft/Destruction of Property

Mincy's second claim asserts that Lieutenants Wetzel, Kershner, Kmieciak, Brought, Bronsburg and Officers Hryciyna and Derfler intentionally took and destroyed his new boots and sneakers in retaliation for his litigation activities. Mincy's litigation activities qualify as protected conduct, see Milhouse v. Carlson, 652 F.3d 371, 373-74 (3d Cir. 1981), and the loss of his property constitutes a sufficient adverse action.

Although Mincy's allegations satisfy the first two elements of a prima facie retaliation case, we agree that Mincy has failed to establish the necessary causal link. To

8

establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. These allegations must be made with appropriate particularity. Id. Here, although Mincy alleges that he spoke to both Kershner and Kmieciak about his missing property, this is insufficient to establish personal involvement or actual knowledge. Furthermore, although Meyers and Hryciyna were present in the property room during Mincy's inventory of his property, the inventory took place approximately sixteen months after the boots and sneakers disappeared. While these four individuals appear to have been aware that Mincy was missing property, there is no evidence that they were personally involved.

Furthermore, the District Court is correct that an officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement. See Rode, 845 F.2d at 1207-08 (holding that grievances filed with governor's office of administration were insufficient to establish the governor's actual knowledge of the conduct complained of). Mincy alleges that Brought and Derfler were involved in the theft of his property; however, their involvement only relates to their review of Mincy's grievances regarding his property. While Mincy's grievances made them aware that Mincy was missing property, this awareness does not amount to the requisite personal involvement.

9

Finally, Mincy has named Bronsburg and Wetzel in this claim; however, the record contains no mention of either in the relevant sections of Mincy's second amended complaint, his statement of material facts supporting his motion for partial summary judgment, or his response in opposition to Appellees' motion. Unsupported allegations are not sufficient when faced with a motion for summary judgment, see Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994). Accordingly, the District Court properly granted summary judgment to Appellees on this claim.

## C. Retaliatory Destruction of Property

In his third claim, Mincy alleges that Kmieciak, Meyers, and Hryciyna intentionally destroyed his typewriter to retaliate against him for filing lawsuits and grievances and to "frustrate" his litigation activities. No evidence in the record demonstrates that any of these officers were personally involved in or had personal knowledge of the damage to Mincy's typewriter. See Rode, 845 F.3d at 1207-08. While Meyers and Hryciyna were present in the property room when Mincy was packing his property for his transfer to SCI Albion, nothing indicates that they had any responsibility for the damage, and the evidence shows that Mincy himself packed the typewriter. Accordingly, summary judgment was warranted for Appellees on this claim.

## D. Retaliatory Transfer

In his fourth claim, Mincy alleges that Counselor Kornasky, Unit Manager Williams, Lieutenant Gavin, Major Derfler, Deputy Superintendants Chmielewski and Temperine, and Superintendant Klem retaliated against him for his filing of civil lawsuits and grievances by having him transferred to SCI Albion, a correctional facility in the

10

Western Region of Pennsylvania. While the filing of grievances and lawsuits is constitutionally protected activity, see Milhouse, 652 F.3d at 373-74, a review of the record reveals that Mincy requested a transfer and separation from certain inmates because he feared that these inmates would retaliate against him because of testimony he provided against a cell mate. While staff at SCI Mahanoy did recommend that Mincy be transferred to the Western Region, sufficient uncontroverted evidence demonstrates that this recommendation was based on security concerns because of Mincy's multiple enemies in the Eastern Region and the associations the inmates he requested to be separated from had with inmates in the Central Region. Accordingly, we agree that Mincy failed to meet his burden of showing that his filing of grievances and lawsuits was "a substantial or motivating factor" for his transfer, see Carter, 292 F.3d at 157-58, and summary judgment was properly granted to Appellees as to this claim.

## E.    Constitutional Tort

In his last claim, Mincy alleges that all of the facts alleged in his previous four counts, taken together, violate his constitutional rights. However, because we have concluded that his rights were not violated in his first four claims, we agree with the District Court that summary judgment for Appellees was warranted for this claim.

IV.

In sum, the District Court properly granted Appellees' motion for summary judgment and denied Mincy's motion for partial judgment because Mincy failed to establish a prima facie case of retaliation for all of his claims. For the foregoing reasons,

11

no substantial question is presented and we will affirm the judgment of the District Court.

See 3d Cir. L.A.R 27.4; I.O.P. 10.6.