IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David V. Jordan,  :
          Appellant  :
  :
  v.  :  No. 1863 C.D. 2017
  :  SUBMITTED: June 29, 2018
Michael D. Overmyer, Thomas  :
Murin, Lieutenant Dietrick, Stephen  :
D. Haggerty, Raymond G. Burkhart,  :
and Sergeant Bartow  :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
         HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                           FILED: October 11, 2018

David V. Jordan (Appellant) appeals, *pro se*, from the September 15, 2017 Order of the Court of Common Pleas of the 37th Judicial District, Forest County Branch (Trial Court), which sustained the Preliminary Objections filed by Michael D. Overmyer, Thomas Murin, Lieutenant Dietrick, Stephen D. Haggerty, Raymond G. Burkhart, and Sergeant Bartow (collectively, Appellees) and dismissed Appellant's Amended Complaint. The issue before this Court is whether the Trial Court erred in sustaining Appellees' Amended Preliminary Objections in the nature of a demurrer and dismissing Appellant's causes of action for retaliation, conspiracy, negligence, and assumpsit. For the reasons that follow, we affirm the Trial Court's Order. The Trial Court granted Preliminary Objections in the nature of a demurrer, dismissing the entirety of the complaint under Pa. R.C.P. No. 1028(a)(4) (demurrer). However, the Trial Court erred in sua sponte dismissing the assumpsit claim by preliminary

objection. We still affirm the Trial Court's dismissal of the action in assumpsit but on alternative grounds.

## Background

Appellant is presently an inmate at the State Correctional Institution (SCI) in Fayette County; however, he was previously incarcerated at the SCI in Forest County (SCI-Forest), where the facts relevant to this appeal occurred. Appellees are employees at SCI-Forest. Original Record (O.R.), Item No. 11, ¶¶ 17-21, 23-24, 58-59; *see also id.*, Ex. A, ¶¶ 1-6.

On February 10, 2017, Appellant filed a Complaint in the Trial Court, alleging that Appellees had unlawfully confiscated or destroyed his property in retaliation for filing various grievances and lawsuits against Appellees. Appellant asserted causes of action for retaliation in violation of the First Amendment of the United States Constitution and negligence as to the handling of his personal property (*i.e.*, four boxes of legal files) in the care, custody, and control of Appellees. Appellant requested punitive damages in the amount of $180,000 against each Appellee for "outrageous conduct and callous disregard of [Appellant's] property and First Amendment rights in the future." O.R., Item No. 1, at 11.

Appellees filed Preliminary Objections in the nature of a demurrer[1] to Appellant's claim of retaliation. Appellees further asserted that Appellant's negligence claim actually alleged an intentional tort claim and, thus, they were immune from suit. O.R., Item Nos. 7, 11. Appellant thereafter filed an Amended Complaint, wherein he reasserted his retaliation and negligence claims, added claims for conspiracy and assumpsit, and requested compensatory damages for loss of his personal property. O.R., Item No. 11, at 12, 15.

---

[1] A demurrer contests the legal sufficiency of a complaint. *Christ the King Manor v. Dep't of Pub. Welfare*, 911 A.2d 624 (Pa. Cmwlth. 2006), *aff'd*, 951 A.2d 255 (Pa. 2008).

Appellees again filed Preliminary Objections in the nature of a demurrer. Appellees asserted that their handling of Appellant's property was not retaliatory, but rather was in accordance with DC-ADM 815, which provides that an inmate may not exceed the property limits established by the Pennsylvania Department of Corrections (DOC).[2]  O.R., Item No. 13, ¶¶ 18-24.  As to Appellant's claim of negligence, Appellees asserted that the facts pled sounded in tort, rather than negligence and, thus, they are immune from suit under the doctrine of sovereign immunity.  *Id.*, ¶¶ 28, 30-34.  Appellees further asserted that Appellant failed to adequately plead facts to support his conspiracy claim.  *Id.*, ¶¶ 18-24.

On September 15, 2017, the Trial Court sustained Appellees' Preliminary Objections and dismissed Appellant's Amended Complaint.  O.R., Item No. 18.  The Trial Court concluded that Appellees appropriately handled Appellant's property in accordance with DC-ADM 815.  Trial Ct. Op. at 3-4.  The Trial Court also found that Appellant failed to plead facts establishing a conspiracy among Appellees to deny Appellant access to his legal files.  *Id.* at 5.  The Trial Court further concluded that an intentional confiscation of property pursuant to DOC's policy does not give rise to a

---

[2] Section 3.B of DC-ADM 815 states in pertinent part:

11. The Facility Manager may permit an inmate to maintain extra storage boxes for legal materials for active cases:
. . .
    c. the inmate must send a [request] to the Facility Manager/designee requesting permission to maintain extra storage boxes for legal materials.
. . .
12. *An inmate may not exceed the property limits established by [DOC].  Excess property, as determined by the Facility Manager/designee, may be shipped out at the inmate's expense or destroyed . . . .*

O.R., Item No. 11, Ex. A (emphasis added).

negligence claim and that Appellees are shielded from liability for intentional tort claims under the doctrine of sovereign immunity. *Id.* Finally, the Trial Court found that Appellant failed to aver any facts regarding an assumpsit claim. *Id.* at 8. Appellant now appeals to this Court.[3]

## Issues

On appeal, Appellant argues that the Trial Court erred in concluding that Appellant failed to plead sufficient facts to support his claims of retaliation, conspiracy, and assumpsit and that Appellees were immune from liability as to Appellant's negligence claim.

## Discussion

In ruling on preliminary objections in the nature of a demurrer, the Trial Court must consider "whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. Gen. Assembly.*, 974 A.2d 491, 494 (Pa. 2009). The Trial Court "must consider as true all well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* Conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion need not be accepted as true. *Id.* To overcome a demurrer, "[a] complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *McShea v. City of Philadelphia*, 995 A.2d 334, 339 (Pa. 2010).

---

[3] Our review of a trial court's dismissal of a complaint based on preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Kittrell v. Watson,* 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

4

### 1. Retaliation Claim

Appellant first argues that the Trial Court erred in concluding that his Amended Complaint failed to sufficiently plead a retaliation claim. Appellant alleged that Appellees retaliated against him by confiscating and destroying four boxes of his legal papers solely because he filed grievances and lawsuits against them. *See* O.R. Item No. 1, ¶¶ 43-47; O.R., Item No. 11, ¶¶ 70-74.

To prevail on a First Amendment retaliation claim, a petitioner must plead sufficient facts to show that: (1) he or she engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the constitutionally protected conduct was a substantial or motivating factor for the retaliation; and (4) the retaliatory action did not further a legitimate penological goal. *Yount v. Pa. Dep't of Corr.*, 966 A.2d 1115, 1120-21 (Pa. 2006).

This Court has held that an inmate's filing of lawsuits and grievances is constitutionally protected conduct, invoking a First Amendment right of access to the courts. *See Bush v. Veach*, 1 A.3d 981, 985 (Pa. Cmwlth. 2010); *see also Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981) (acknowledging an inmate's constitutional right to petition the courts to present complaints). As Appellant is alleging retaliation for filing lawsuits and grievances, Appellant has satisfied the first prong of the *Yount* test.

The second prong requires a showing that the alleged retaliation against the constitutionally protected conduct resulted in adverse action. An adverse action is "one which is 'sufficient to deter a person of ordinary firmness from exercising his [constitutional rights].'" *Yount*, 966 A.2d at 1121 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

By his own admission, Appellant has filed "voluminous" lawsuits in both state and federal courts and several inmate grievances at SCI-Forest. O.R., Item No. 11, ¶¶ 17-18.[4] This fact alone demonstrates that Appellant has not been deterred from exercising his constitutional right to file lawsuits and grievances.

Furthermore, the actions of which Appellant complains are clearly authorized by DOC's policies and are thus not "adverse." Section 3.B.1 of DC-ADM 815 permits an inmate to keep four records boxes in his cell. Section 3.B.11.a of DC-ADM 815 provides that a Facility Manager may permit an inmate to maintain extra storage boxes for legal materials related to active cases.[5] Importantly, this provision is *permissive*, giving each facility manager the discretion to allow or deny an inmate to have extra storage boxes.

Here, the record shows that Appellant was permitted to have four storage boxes for his legal materials. O.R., Item No. 1, Ex. B. Despite this fact, Appellant claims that Appellees "committed a pattern of denial of access to four (4) boxes of legal [papers] involving active litigation; and they destroyed four (4) boxes of legal papers involving active litigation." Appellant's Br. at 10; O.R. Item No. 11, ¶¶ 24, 27, 51, 54, 72.

---

[4] Appellant is involved in the following active litigation: *Jordan v. Lieutenant Shoemaker,* C.A. No. 194-2013 (Schuylkill County); *Jordan v. Unit Manager Perry*, C.A. No. 35 of 2015 (Forest County); *Jordan v. Overmyer*, C.A. No. 34 of 2016 (Forest County); *Jordan v. Bertolini*, C.A. No. 1:15-CV-0313 (M.D. Pa. May 16, 2015); *Jordan v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 416 M.D. 2016); *Jordan v. Wetzel,* C.A. No. 1:16-CV-307 (W.D. Pa. Dec. 21, 2016); *Com. v. Jordan*, No. CP-36-O.R.-0001618-2010 (Lancaster County); *Com. v. Jordan*, No. C.P. 36-O.R.-0000261-2010 (Lancaster County). Appellant has also filed inmate Grievance Nos. 644288, 643890, 644666, 636124, 643888, 607373, 643889, and 642294. *See* O.R., Item No. 11, ¶¶ 18, 21, 23-4, App. A.

[5] *See* DC-ADM 815 § 3.B.11.a ("The Facility Manager **may** permit an inmate to maintain extra storage boxes for legal materials for active cases. The only legal material permitted will be court filings, transcripts, notes of testimony, and notes prepared by the inmate. This does not include reference materials, books, or photocopied cases.") (emphasis added).

6

However, Appellant's history of filing grievances, all of which related to access to his legal documents, belies Appellant's assertions. For example, on July 27, 2016, Appellant filed Grievance No. 636124, alleging that SCI-Forest employees restricted Appellant's access to his legal files relating to active litigation and, as a result, his files were in "imminent danger of being destroyed, destructed, neglected, damaged, concealed and withheld." O.R., Item No. 1, Ex. B, at 1. Following an investigation, SCI-Forest denied the grievance because Appellant failed to provide "any proof or documentation that any of the above mentioned claims actually occurred" and did not "attempt[] to remedy the situation in anyway [sic]." *Id.*

Appellant appealed. The grievance officer spoke with Lieutenant Burkhart, who was in charge of property confiscated and sent to Receiving and Distribution (R&D). Lieutenant Burkhart acknowledged receiving and storing four boxes of Appellant's property because Appellant exceeded the allowable limit of stored materials. Lieutenant Burkhart further stated that Appellant's claim that the materials were destroyed was false. *Id.* at 3. The grievance officer ultimately denied the appeal, concluding: "This grievance is deemed frivolous due to the fact that the property was not destroyed and this investigator, along with [Lieutenant] Burkhart did verify that the property was in[]fact being stored in R&D." *Id.* at 4.

Appellant subsequently filed Grievance No. 643890, wherein he requested the return of the confiscated boxes that were moved to R&D. In its response, SCI-Forest stated:

> Inmate Jordan filed grievance 644666 referring to the same "legal" property: Inmate Jordan states that his notice to return 4 boxes of property was ignored. . . . He states that the property was destroyed. . . . *Inmate Jordan does not provide any supporting evidence that a notice of return was sent to any of the named staff. The property in question was removed as it was well in excess of the property permitted in the DC ADM 815. At*

7

a minimum, grievances 644288, 643890, 636124, 643888, 607373, 643889, and 642294 have been filed all pertaining to the same property.

O.R., Item No. 1, Ex. G (emphasis added).

The record does not support Appellant's claim that Appellees engaged in adverse action sufficient to deter him from exercising his constitutional right to file lawsuits and grievances. DOC's policy limits the number of boxes an inmate can keep in his cell, and Appellant admittedly exceeded that limit. Appellant pled no facts to support a conclusion that Appellees removed the boxes for any reason other than compliance with DOC's policy. In light of the facts averred, as well as the discretionary language of DC-ADM 815, we conclude that Appellant failed to demonstrate a pattern of denial of access so as to constitute an adverse action. Because Appellant has not satisfied the second prong of the *Yount* test, the Trial Court properly dismissed Appellant's retaliation claim.

## 2. Conspiracy Claim

Appellant next claims that the Trial Court erred in dismissing his conspiracy claim. To state a conspiracy claim, a plaintiff must assert facts from which a conspiratorial agreement between the defendants can be inferred. *Weaver v. Franklin Cty.*, 918 A.2d 194 (Pa. Cmwlth. 2007). "Mere conclusory allegations of deprivations of constitutional rights are insufficient." *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992). "A plaintiff's allegations must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992). When pleading a conspiracy claim, a plaintiff cannot rely on subjective suspicion and speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

In his Amended Complaint, Appellant averred no facts demonstrating the existence of any agreement among Appellees to deny him access to his legal files. Furthermore, as discussed above, the record shows that Appellees' reasons for removing Appellant's excess property were consistent with DOC's policies regarding the regulation of inmate property. Therefore, we conclude that the Trial Court properly dismissed Appellant's conspiracy claim.

### 3. Negligence Claim

Appellant next argues that the Trial Court erred in dismissing his negligence claim because he pled sufficient facts showing that Appellees failed to follow DOC policy and mishandled four boxes of his legal papers. Appellant asserts that Appellees breached their duty of care through their lack of oversight, incompetence, and failure to exercise "policies, customs or regulations." O.R., Item No. 11, ¶81a-d. Appellant also asserts that Appellees carelessly handled his personal property and displayed a reckless disregard for his legal papers by ignoring his requests to return the boxes. O.R., Item No. 11, ¶81e-i. Finally, Appellant contends that Appellees may not raise sovereign immunity as a defense to his negligence claim.

In his Amended Complaint, Appellant alleged that Appellees purposefully confiscated and destroyed his property in retaliation for his filing grievances and lawsuits.[6] O.R., Item No. 11, ¶¶ 70-74; O.R., Item No. 1, ¶¶ 43-47; Appellant's Br. at

---

[6] In his Amended Complaint, Appellant cited four responses from DOC officials, which explained that Appellant had nine boxes of property in the Restricted Housing Unit of SCI-Forest and stated, "Even with a legal exemption, [Appellant was] (4) boxes over the limit. The excess will be sent to R&D to be held, destroyed or shipped." O.R., Item No. 11, Ex. D; *see also* O.R., Item No. 11, ¶¶ 30, 37, 41, 43, 45. Appellant was clearly advised that he exceeded DOC's limit, yet he took no steps to preserve his legal materials in compliance with DOC's policies. Further, Appellant failed to allege any facts suggesting his litigation attempts were hindered in any way due to his inability to access his legal materials. Finally, there is no evidence that any active lawsuits or grievances were dismissed or that he missed any filing deadlines, which would show harm or loss on the part of Appellant.

16. An intentional confiscation of property pursuant to a DOC policy cannot be reasonably construed as conduct that gives rise to a cause of action in negligence. Therefore, we agree with the Trial Court that Appellant's allegations actually sound in tort, not in negligence.

Generally, Commonwealth employees acting within the scope of their duties are immune from suit under the doctrine of sovereign immunity. 1 Pa. C.S. § 2310. Section 8522(a) of what is commonly known as the Sovereign Immunity Act waives "immunity as a bar to an action against Commonwealth parties, for damages arising out of a *negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action if the injury was caused by a person not having available the defense of sovereign immunity." 42 Pa. C.S. § 8522(a) (emphasis added). However, "[s]overeign immunity is not waived for *intentional acts* committed by a Commonwealth employee acting within the scope of his or her employment." *Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433, 438 (Pa. Cmwlth. 2017) (emphasis added).

Because we conclude that the averments in support of Appellant's negligence claim actually allege an intentional tort claim, the Trial Court properly concluded that Appellees are immune from suit.

### 4. Assumpsit Claim

Finally, Appellant correctly argues that the Trial Court erred in dismissing his assumpsit claim because Appellees did not challenge that particular count in their Preliminary Objections. Appellant's Br. at 30-31; O.R., Item No. 23, ¶3.

In dismissing this claim, the Trial Court concluded that "while [Appellees] may have failed to specifically address [Appellant's] assumpsit claim in their Preliminary Objections," Appellant already deprived the court of meaningful advocacy on the issue

10

and "there was simply nothing in [Appellant's] Count 5 Assumpsit claim for the [Appellees] to address [in their Preliminary Objections]." O.R., Item No. 26, at 8.

While the Trial Court erred in dismissing Appellant's assumpsit claim in this manner, we still affirm the dismissal of this claim on alternative grounds.[7] Pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act:

> **(e) Dismissal of litigation.**--…[T]he court shall dismiss prison conditions litigation **at any time**, … if the court determines any of the following:
>
> ….
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa. C.S. § 6602(e)(2) (emphasis in original) (emphasis added).

"Pennsylvania is a fact-pleading state…. [a] complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *McShea*, 995 A.2d at 339. Further, Rule 1019(a) of the Pennsylvania Rules of Civil Procedure provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa. R.C.P. No. 1019(a). In *McShea*, the Pennsylvania Supreme Court held that "[a]lthough Pa. R.C.P. 126 requires Rule 1019 to be construed liberally, liberal construction does not permit unpled elements be pulled from thin air and grafted onto the pleading; it does not excuse the basic requirements of pleading." *McShea*, 995 A.2d at 340.

---

[7] It is well-settled that we "may affirm on other grounds where grounds for affirmance exist." *Kutnyak v. Dep't of Corr.*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000); *accord Sloane v. Workers' Comp. Appeal Bd. (Children's Hosp. of Philadelphia)*, 124 A.3d 778, 786 n.8 (Pa. Cmwlth. 2015).

An action in assumpsit is a common law action in which a plaintiff claims that a defendant breached an express or implied promise to perform some act or make a payment to another. *See* Black's Law Dictionary 133 (8th Ed. 2004). Here, as the Trial Court correctly noted, Appellant failed to plead any facts that could be remotely construed as an assumpsit claim. O.R., Item No. 11, at 15. An appellant's brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P. 2119(a). Further, Appellant cites no case law in his brief that addresses or supports an assumpsit action. As Appellant has failed to state a claim upon which relief may be granted, we dismiss the assumpsit claim as well pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act.

### Conclusion

For these reasons, we affirm the Trial Court's Order sustaining Appellees' Preliminary Objections and dismissing Appellant's causes of action for retaliation, conspiracy, and negligence. We affirm the Trial Court's dismissal of the action in assumpsit pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act.

_____
ELLEN CEISLER, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David V. Jordan,             :
             Appellant       :
                       :
      v.              :  No. 1863 C.D. 2017
                       :
Michael D. Overmyer, Thomas  :
Murin, Lieutenant Dietrick, Stephen  :
D. Haggerty, Raymond G. Burkhart,  :
and Sergeant Bartow      :

O R D E R

AND NOW, this 11th day of October, 2018, the Order of the Court of Common Pleas of the 37th Judicial District, Forest County Branch, dated September 15, 2017, sustaining Appellees' Preliminary Objections and dismissing Appellant's causes of action for retaliation, conspiracy, and negligence is hereby AFFIRMED. The dismissal of the assumpsit claim is hereby AFFIRMED pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act.

_____
ELLEN CEISLER, Judge